# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51225

JIN CHOI,

Plaintiff - Appellant

v.

UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO; KENNETH KALKWARF, D.D.S., M.S. Dean, The University of Texas Health Science Center at San Antonio Dental School, In his Official Capacity; RITA R. PARMA, D.D.S. Assistant Professor, at The University of Texas Health Science Center at San Antonio Dental School, In her Individual Capacity; WILLIAM HENRICH, M.D. President The University of Texas Health Science Center at San Antonio In his Official Capacity,

Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2015

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-846

Before STEWART, Chief Judge, and CLEMENT and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Jin Choi was a dental student at the University of Texas Health Science Center at San Antonio (the "Dental School" or "School"). Choi struggled with his course work from the beginning of his time at the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51225

School and had to repeat his first-year classes. During his second-year coursework, Choi was diagnosed with Attention Deficit Disorder ("ADD"). Choi continued to struggle academically during his third year at the School, was placed in remediation, and ultimately failed one of his third-year clinical courses. As a result, he was dismissed from the School. Choi informed the School of his ADD diagnosis for the first time during this dismissal process. After failing in his appeals to the Dean of the Dental School, and to the University, Choi filed suit in federal court claiming that his dismissal violated his statutory and constitutional rights. The district court dismissed his complaint. We AFFIRM.

I.

Choi argues that the district court erred in dismissing his discrimination claims brought under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* (the "Rehabilitation Act") and the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.* (the "ADA").[1] Specifically, he claims that the Defendants failed to provide reasonable accommodations for his disability.

The district court granted Defendants' motion to dismiss Choi's ADA and Rehabilitation Act claims pursuant to Federal Rule of Civil Procedure 12(b)(6). We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*. *Elsensohn v. St. Tammany Par. Sheriff's Office*, 530 F.3d 368, 371 (5th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

---

[1] Choi brought a number of other claims before the district court, including due process, equal protection, and First Amendment claims. Because his appellate briefs do not raise these arguments, they are waived. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004). Choi's passing reference to his equal protection claim in the "Summary of the Argument" section of his appellate brief is insufficient to prevent this waiver. *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

and citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (alteration in original) (internal quotation marks and citations omitted).[2]

A claim for failure to accommodate under the ADA has the following elements: (1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered institution; and (3) the covered institution failed to make reasonable accommodations for such known limitations. *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013). These elements also apply to Choi's Rehabilitation Act claims. *See Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005) (noting that public entities have the same obligation to make reasonable accommodations for disabled individuals). Because Choi alleged insufficient facts to show that his disability and its consequential limitations were known by the Dental School, we need not address whether he was a qualified individual or whether the School failed to make reasonable accommodations.

Choi's claim is foreclosed under the principles we outlined in *Taylor v. Principal Financial Group., Inc.*, 93 F.3d 155 (5th Cir. 1996). In *Taylor*, we explained that under the ADA "it is important to distinguish between an employer's knowledge of an employee's disability versus an employer's

---

[2] Choi argues that the district court applied the wrong legal standard in evaluating Defendants' Rule 12(b)(6) motion. Although he does not flesh out this argument fully in his briefs, he appears to rely on the "no set of facts" standard outlined in *Conley v. Gibson*, 355 U.S. 41 (1957). Of course, this argument lacks merit as "we no longer apply the minimal standard of adequate pleading set forth in *Conley v. Gibson . . .* in light of [the Supreme Court's decisions in] *Twombly* and *Iqbal*." *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 454 (5th Cir. 2014) (internal quotation marks and citations omitted).

No. 14-51225

knowledge of any limitations experienced by the employee as a result of that disability. This distinction is important because the ADA requires employers to reasonably accommodate limitations, not disabilities." *Id.* at 164. We concluded that "it is incumbent upon the ADA plaintiff to assert not only a disability, but also any limitation resulting therefrom." *Id.*; *see also Gammage v. W. Jasper Sch. Bd. of Educ.*, 179 F.3d 952, 954–55 (5th Cir. 1999).[3] Here, Choi never alleges that he informed the Dental School of limitations resulting from his ADD. In fact, Choi never alleges that he provided the School with any information about his disability beyond his diagnosis.[4]

Choi attempts to overcome this shortcoming in his pleadings by asserting that his limitations were "open, obvious, and apparent" to the Dental School. *See Taylor*, 93 F.3d at 165. In support of this argument, Choi points to the following allegations: (1) various faculty members reacted negatively towards him; (2) one faculty member stated that he had a "mental problem" and had a "tendency to make things up"; (3) several faculty members observed that he failed to pay attention and seemed in a hurry; and (4) three faculty members asked him if he had a learning disability after he received a failing grade in a third-year course. These allegations are insufficient. As we explained in *Taylor*, "[w]hen dealing in the amorphous world of mental disability," it will often be impossible for an employer to identify an employee's specific disabilities, limitations, and possible accommodations. *Id.* That is the case

---

[3] This is consistent with the statutory language of the ADA, which defines discrimination as, *inter alia*, "not making reasonable accommodations to the *known physical or mental limitations* of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A) (emphasis added).

[4] Oddly, Choi does not even allege facts connecting his academic shortfall and subsequent dismissal to his ADD. Instead, he alleges that he was dismissed from the Dental School "because of the animus of one teacher," who had "no objective criteria" upon which to base his removal. This may explain why he: (1) did not tell the School about his ADD *diagnosis* until after he failed his third-year clinical course and failed at remediation; and (2) even then, did not disclose any limitations resulting from his ADD.

4

No. 14-51225

here: there is simply nothing in Choi's allegations that would have notified the Dental School of Choi's limitations requiring accommodation.

Because Choi does not sufficiently allege that his disability and its consequential limitations were known by the Dental School, he has failed to state a claim for which relief may be granted.

## II.

For the foregoing reasons, we AFFIRM.