# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2022

Lyle W. Cayce
Clerk

No. 22-30002

Gail Dominick,

*Plaintiff—Appellant*,

*versus*

United States Department of Homeland Security,
Alejandro Mayorkas, Secretary,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2713

Before Higginbotham, Southwick, and Higginson, *Circuit Judges*.

Patrick E. Higginbotham, *Circuit Judge*:

Gail Dominick was dismissed from her role as a Cadre On-Call Response Employee (CORE) for the Federal Emergency Management Agency (FEMA) in 2017. Dominick claimed that her dismissal resulted from race-based discrimination in violation of Title VII of the Civil Rights Act of 1964.[1] Following administrative proceedings in which an administrative law

---

[1] 42 U.S.C. § 2000e *et seq.*

No. 22-30002

judge rejected her complaint, Dominick filed suit in federal district court. Dominick appeals the district court's order granting FEMA summary judgment and denying her motion for additional time to conduct discovery, arguing that the court abused its discretion by declining to grant a continuance under Rule 56(d) as required by *Chandler v. Roudebush*.[2] We AFFIRM.

## I.

Dominick worked for FEMA as a CORE, an at-will employee hired pursuant to the Stafford Act to support long-term disaster relief projects in the lasting wake of Hurricane Katrina.[3] She occupied the position from 2006 until her dismissal in 2017. FEMA calls the process of reducing staff as disaster relief operations wind down "rightsizing," and it also laid off one of Dominick's two coworkers while retaining the other. Dominick claimed that racial animus motivated her supervisors' decisions regarding which staff member to keep.

Dominick filed an Equal Employment Opportunity complaint in July of 2017, and she requested a hearing before an Equal Employment Opportunity Commission administrative law judge in early 2018. Discovery proceeded from March 25 until June 21, 2019, during which time Dominick deposed three FEMA managers and acquired written evidence. The administrative judge granted FEMA's motion for a decision without a hearing, denying her claim. FEMA then issued a final order on the matter.

Having made use of her administrative remedies, Dominick filed a complaint in district court under 42 U.S.C. § 2000e-16(c), which allows

---

[2] 425 U.S. 840 (1976).

[3] *See* 42 U.S.C. § 5149(b).

No. 22-30002

federal employees claiming discriminatory treatment to bring their cases to district court after an agency takes final action. FEMA moved for summary judgment alongside its answer. Dominick sought a 30-day continuance to engage in further discovery, but FEMA's counsel suggested that 60 days would be more appropriate to facilitate the three additional depositions and written inquiries Dominick requested. The district court granted the continuance on May 6, 2021, providing that Dominick's opposition to the motion for summary judgment would be due no later than July 6.

Dominick, and her counsel, took no further action until July 2, when her counsel emailed FEMA's counsel seeking to organize discovery and suggesting deposition dates in mid-August. After receiving no response from the FEMA attorney over the holiday weekend, Dominick timely filed her opposition to the motion for summary judgment, which included a Rule 56(d) motion to provide more time for discovery because she could not adequately respond with the available information.

The district court granted FEMA's motion for summary judgment and denied Dominick's Rule 56(d) motion. The district court reasoned that she failed to explain how any additional facts might influence the outcome of the summary judgment motion, as required to merit further time.[4] The court also noted that Dominick's counsel offered no explanation for the delay in contacting FEMA's counsel to negotiate and schedule discovery. Dominick timely appealed.

## II.

Dominick argues that the district court erred by granting FEMA's motion for summary judgment without the benefit of additional discovery,

---

[4] *See Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

and that the district court should have instead granted her Rule 56(d) motion. We review a district court's denial of a Rule 56(d) motion for abuse of discretion.[5] The district court "has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse."[6] To provide litigants time to develop facts necessary to defend their claims, Rule 56(d) motions are "broadly favored and should be liberally granted."[7] In addition, "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course" when "the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful."[8]

In this case, the district court did not abuse its discretion in finding that Dominick failed to diligently pursue further discovery during the two-month continuance the district court provided.[9] She admits that she took no action to engage in discovery between May 6—the date the district court granted the continuance—and July 2—just four days before her opposition to the motion for summary judgment came due. Dominick declined to explain the 57-day delay in her Rule 56(d) declaration accompanying the opposition.

---

[5] *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

[6] *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir.2000) (internal quotation marks omitted).

[7] *Raby*, 600 F.3d at 561 (5th Cir. 2010).

[8] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (internal quotations and citations omitted).

[9] *See Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) ("If [the requesting party] has not diligently pursued discovery, however, she is not entitled to relief"); *Baker v. Am. Airlines*, 430 F.3d 750, 756 (5th Cir. 2005).

No. 22-30002

A "party suspends discovery at [her] own risk," and Dominick's arguments to excuse this fault are not availing.[10]

Dominick first takes issue with the district court for allowing FEMA to move for summary judgment prior to a Rule 26(f) conference and formal discovery. Yet "Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule [56(d)] is his remedy."[11] If the federal rules do not require discovery prior to summary judgment, then it stands to reason that they do not require a Rule 26(f) conference. She further faults FEMA for failing to hold the discovery conference. Yet, as Dominick points out, counsel are "jointly responsible" for seeking this conference, which places the onus back on her and her counsel's own shoulders, particularly given that FEMA planned to conduct no further discovery.[12] In granting a continuance until mid-July, the district court provided Dominick with the tools to mount a defense against the motion for summary judgment. She simply failed to use them.

Furthermore, Dominick was not deprived discovery. She had the benefit of nearly 1,000 pages of deposition testimony and records with which to create a genuine issue of material fact. She collected these documents during a three-month period before the administrative law judge. That she sought only "frugal discovery" belies any contention that she was unable to

---

[10] *Beattie*, 254 F.3d at 606.

[11] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994) (citations omitted). *See also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited.").

[12] Rule 26(f)(2). *See also USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499, 514 (7th Cir. 2022).

diligently pursue what information remained during the allotted time. And that Dominick's counsel expressed no qualms initially about the 60-day continuance only further emphasizes this conclusion.

Dominick also berates opposing counsel for failing to respond promptly to an email sent on Friday, July 2, seeking to depose one individual, re-depose two others, engage in further written discovery, and continue for another two months. It was unreasonable for Dominick's counsel, having delayed 57 days, to rely on opposing counsel's availability over the Fourth of July weekend.

Because Dominick failed to diligently pursue her limited discovery needs during the two-month continuance, the district court did not abuse its discretion in denying her Rule 56(d) motion.

## III.

Dominick contends that federal law compels the district court to here allow a wider scope of discovery under *de novo* review by virtue of *Chandler v. Roudebush*.[13] She posits that this means discovery should have taken place as if the underlying administrative proceedings never occurred. *Chandler*, Dominick argues, prevents a federal employer-defendant from prevailing in a motion for summary judgment based solely on the administrative proceedings without *de novo* discovery. Dominick reads too much into *Chandler*'s guidance to federal courts.

In *Chandler*, the Supreme Court resolved disagreement among circuits about how to approach lawsuits under § 2000e-16(c). Some circuits determined that a *de novo* trial was not necessary in these circumstances, and that district courts could simply review the administrative record to

---

[13] 425 U.S. 840 (1976).

determine whether the clear weight of the evidence supported the agency's conclusion in accordance with traditional principles of administrative law.[14] Other circuits concluded that the statute provided for a *de novo* trial that extended beyond the administrative record.[15] The Supreme Court reviewed the statute's text and legislative history, determining that when choosing "between record review of agency action based on traditional appellate standards and trial *de novo*," Congress selected *de novo*.[16] *Chandler* dictates that public employees seeking redress under Title VII should be afforded all the trappings of the civil action, "treat[ing] private- and federal-sector employees alike," and expressing no deference to the administrative proceedings below.[17]

Yet *Chandler* does not support Dominick's position that evidence produced during discovery in administrative proceedings is immaterial. The Supreme Court noted that "[p]rior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial *de novo*."[18] Nothing in the opinion indicates that a district court must allow litigants to engage in discovery deemed duplicative or unnecessary, and nothing bars the district court from considering evidence unearthed during administrative proceedings when

---

[14] *Chandler*, 425 U.S. at 843. *See, e.g.*, *Salone v. United States*, 511 F.2d 902, 904 (10th Cir. 1975) (vacated by *Chandler*).

[15] *Chandler*, 425 U.S. at 843 n.4. *See, e.g.*, *Abrams v. Johnson*, 534 F.2d 1226, 1228 (6th Cir. 1976).

[16] *Chandler*, 425 U.S. at 861. *See also Payne v. Salazar*, 619 F.3d 56, 62 (D.C. Cir. 2010) ("[W]hat the Court meant by 'trial de novo' was the traditional federal trial of a civil action—in contrast to the limited, deferential review of agency decisionmaking afforded, for example, under the Administrative Procedure Act.")

[17] *Chandler*, 425 U.S. at 861.

[18] *Id.* at 863 n.39.

evaluating a Rule 56(d) motion. And *Chandler* cannot be construed as demanding further discovery where, as here, the government acquiesces, but the employee fails to diligently pursue it.[19] Dominick received a *de novo* trial and treatment equal to that afforded to a private sector employee. The district court did not contravene *Chandler* by denying further discovery and granting the summary judgment motion.[20]

****

We AFFIRM the judgment of the district court.

---

[19] In *Chandler*, "[t]he [government] moved for an order prohibiting discovery on the ground that the judicial action authorized by [§ 2000e-16(c)] is limited to a review of the administrative record." *Id.* at 842. Not so in Dominick's case.

[20] Dominick does not provide substantive arguments on the merits of the district court's summary judgment order, such as asserting that there existed a genuine issue of material fact. Although FEMA's response addressed the issue, it is deemed waived. *See Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 n.3 (5th Cir. 2002).