# United States Court of Appeals for the Fifth Circuit

No. 24-10304

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2024

Lyle W. Cayce
Clerk

AMY PICKETT,

*Plaintiff—Appellant*,

*versus*

TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER, (TTUHSC); BARBARA CHERRY, *individually and in her official capacity as Department Chair of Leadership Studies*; MICHAEL EVANS, *individually and in his official capacity as Dean of School of Nursing*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CV-232

_____

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

After being dismissed from an academic program at Texas Tech University Health Sciences Center ("Texas Tech"), Amy Pickett sued Texas Tech and two officials under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("RA"), and 42 U.S.C.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

§ 1983. The district court dismissed several of Pickett's claims and later granted defendants summary judgment on her remaining claims. Pickett appealed *pro se*. We AFFIRM.

**I.**

Pickett entered Texas Tech's Doctor of Nursing Program ("DNP") in May 2016. In April 2017, Texas Tech accepted Pickett into its Family Nurse Practitioner Program ("FNP") and allowed her to enroll in a combined DNP/FNP program. In May 2017, Pickett requested extra time to take exams on account of her ADHD. Texas Tech granted this accommodation along with notetaking assistance. In summer and fall 2018, however, Pickett received two grades of C or lower and was subsequently dismissed from the program.

In September 2020, Pickett sued Texas Tech and two academic officials, Drs. Evans and Cherry. In September 2021, the district court dismissed several of Pickett's claims. Defendants subsequently filed an interlocutory appeal, arguing they were entitled to sovereign immunity on Pickett's ADA claims. A panel of our court rejected that argument, remanding for further consideration of Pickett's remaining claims: a failure-to-accommodate claim related to Texas Tech's purported failure to provide Pickett with lecture notes, a disability discrimination claim, and a § 1983 claim sounding in substantive due process. *Pickett v. Tex. Tech Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022). The district court granted defendants summary judgment on these claims in March 2024. Pickett appealed.

On appeal, Pickett for the first time alleges violations of the First Amendment and Title VII as well as retaliation, constructive discharge, and breach of contract claims. She also appeals the September 2021 dismissal of some of her failure-to-accommodate claims and § 1983 claims. In addition,

No. 24-10304

Pickett appeals the summary judgment dismissing her remaining failure-to-accommodate, disability discrimination, and § 1983 claims.

## II.

We review Rule 12(b)(6) dismissals and summary judgments *de novo*. *Bridges v. Empire Scaffold, L.L.C.*, 875 F.3d 222, 225 (5th Cir. 2017); *Meador v. Apple Inc.*, 911 F.3d 260, 264 (5th Cir. 2018).[1]

## III.

As noted, Pickett raises several claims for the first time on appeal. But "[i]t is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered." *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000).

We turn to the September 2021 dismissal of Pickett's § 1983 claim sounding in procedural due process. Pickett asserted a protected interest in continued enrollment in the DNP/FNP program. *See Klingler v. Univ. of S. Miss., USM*, 612 F. App'x 222, 227 (5th Circ. 2015) (unpublished) (explaining that procedural or substantive due process claims require deprivation of a protected interest). But continued enrollment in that program is not a protected interest. *Barnes v. Symeonides*, 44 F.3d 1005, 1995 WL 10518, at *2 (5th Cir. Jan 3, 1995) (unpublished) ("Education—particularly post-graduate or professional education—is not a right afforded either explicit or implicit protection under the Constitution."). The district court therefore did not err. Nor did it err in dismissing Pickett's other § 1983

---

[1] Some of Pickett's claims warrant only plain error review because she failed to object to the magistrate's report and the district court did not independently review the record. *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017). We would affirm the district court's judgement under either plain error or *de novo* review, however, so the standard of review is immaterial.

claims because, again, Pickett fails to identify a protected property or liberty interest of which she was deprived.

We next consider the September 2021 dismissal of Pickett's RA failure-to-accommodate claims against Cherry and Evans. It is undisputed that Pickett was a covered individual under the ADA/RA and that her disability was known to Texas Tech. As a result, Texas Tech had to make reasonable accommodations for Pickett's disability. *See Choi v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 633 F. App'x 214, 215 (5th Cir. 2015) (unpublished). Pickett claimed Texas Tech failed to (i) delay the start time of an exam and (ii) let Pickett retake exams or substitute exam grades. These claims fail. Texas Tech honored Pickett's request to delay restarting the exam. She did not, however, request retaking exams or substituting grades. Accordingly, Texas Tech cannot be liable for failing to provide Pickett with those accommodations. *See Jenkins v. Cleco Power*, LLC 487 F.3d 309, 315 (5th Cir. 2007).

We turn to the summary judgment dismissing Pickett's § 1983 claim sounding in substantive due process. That claim again stems from her purported right to continued enrollment in the DNP/FNP program. Because Pickett has no protected interest in this, *see Barnes*, 1995 WL 10518, at *2, the district court did not err.

We next consider the summary judgment dismissing Pickett's disability discrimination claims. Pickett alleged she was dismissed on account of her ADHD. Upon review of the record, we agree with defendants and the district court that Pickett has identified no evidence that she was dismissed for this reason.

Finally, we consider the summary judgment dismissing Pickett's final failure-to-accommodate claim. Pickett claimed Texas Tech failed to provide her with lecture notes. Specifically, she alleged she twice received only PDF

No. 24-10304

copies of PowerPoint presentations, as opposed to the PowerPoint slides themselves. The district court correctly rejected that claim. The record shows that Pickett received all lecture notes, just not in her preferred format. *See E.E.O.C. v. Agro Distrib., LLC*, 555 F.3d 462, 471 (5th Cir. 2009) ("The ADA provides a right to reasonable accommodation, not to the employee's preferred accommodation.").[2]

AFFIRMED.

---

[2] We also reject Pickett's argument that the district court abused its discretion by refusing to consider new evidence that Pickett forwarded in objecting to the magistrate judge's findings and recommendations. *See Freeman v. County of Bexar* 142 F.3d 848, 852 (5th Cir. 1998) ("Litigants may not . . . use the magistrate judge as a mere sounding-board for the sufficiency of the evidence.").