# United States Court of Appeals for the Fifth Circuit

_____

No. 25-30362

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2026

Lyle W. Cayce
Clerk

Jennifer Molosso,

*Plaintiff—Appellant*,

*versus*

Board of Supervisors University of Louisiana System, *doing business as* University of Louisiana at Monroe; Mark Arant, *Provost, University of Louisiana at Monroe*; Donald Simpson, *Dean, University of Louisiana at Monroe*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-567

_____

Before King, Southwick, and Haynes, *Circuit Judges*.

Per Curiam:[*][1]

Plaintiff–Appellant Jennifer Molosso appeals the district court's summary judgment in favor of the Defendants–Appellees and the denial of her motion under Federal Rule of Civil Procedure 56(d). Regarding summary

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Judge Haynes concurs in the judgment only.

No. 25-30362

judgment, she claims that the district court impermissibly resolved disputed facts against her (the non-movant) and failed to draw reasonable inferences in her favor. Regarding her Rule 56(d) motion, she argues that the district court abused its discretion because, contrary to the district court's conclusion, she diligently pursued discovery. For the following reasons, we AFFIRM the district court's judgment.

## I.

### A.

Molosso allegedly suffers from the disabilities of attention deficit hyperactivity disorder (ADHD) and depression. She enrolled in the University of Louisiana at Monroe (ULM) Kitty DeGree School of Nursing (Nursing School), which consists of five semesters, in the fall of 2018. After failing multiple courses, Molosso was dismissed from the program in the Spring of 2021. Molosso appealed her dismissal, and she was reinstated subject to certain terms and conditions, some of which were included in a "learning contract," intended to help alleviate the stressors she had identified. When Molosso signed the learning contract, one of the ULM faculty requested that she go to the ULM Counseling Center (Counseling Center), the department responsible for evaluating students and providing accommodations. Molosso never went to the Counseling Center.

Molosso returned to her classes, and during her final semester, she was enrolled in the courses NURS 4066 and NURS 4067. Marcie Young was one of the clinical instructors for NURS 4066, and Sherilyn Wiggins was an instructor for NURS 4067. During the semester, Molosso often went to Young's office. On one particular visit, Molosso explained she was having trouble with a recurring assignment, and so Young explained the purpose of the assignment and discussed time management strategies with Molosso.

No. 25-30362

In NURS 4066 and 4067, Molosso failed two exams in each class. After each failure, Molosso reviewed the exam with her professor. During test review for NURS 4067, Wiggins both orally recommended Molosso go to the Counseling Center and wrote it on Molosso's test. According to Molosso, after her second failed test in NURS 4066, she spoke with Young about testing accommodations, but Young said it was too late. Young remembers the discussion differently; she testified that she asked Molosso if she had sought an accommodation and explained that it was Molosso's responsibility to do so—though Young admits that her recollection of the meeting is fuzzy.

During one exam, Young "noticed that [Molosso] had frozen at a question, and she was falling way behind." So she tapped on Molosso's shoulder and "whisper[ed] to her to watch her time in an attempt to help her."

Molosso failed NURS 4066 and NURS 4067 in the spring of 2022, and because she had already been readmitted following failed and repeated courses, she was dismissed from the nursing program.

**B.**

On May 1, 2023, Molosso brought suit against the Board of Supervisors of the University of Louisiana System d/b/a University of Louisiana at Monroe, Provost Mark Arant, and Dean of the College of Health Sciences at ULM Donald Simpson, alleging, *inter alia*, an equal protection violation and discrimination based on race and disability. After the defendants answered, the district court entered a scheduling order in which it explained that "motions to extend the dispositive motion deadline are disfavored and will be granted only in exceptional circumstances," because the district court "wishe[d] to decide dispositive motions in time to allow counsel to adequately prepare for the pretrial conference and for trial." The

3

scheduling order set the completion of discovery deadline for March 26, 2024.

On March 7, 2024, the parties filed a joint motion to continue all deadlines, explaining that "[g]iven the current schedules of counsel for both parties, they have been unable to complete the necessary discovery and both sides need additional time to complete discovery." The district court granted the motion, and subsequently entered a new scheduling order with a deadline of September 9, 2024, for both completion of discovery and filing of dispositive motions.

On July 26, Molosso filed a motion to compel defendants to answer certain discovery requests, which defendants had objected to under the Family Educational Rights and Privacy Act. A little over a month later, the parties filed another joint motion to continue deadlines due to the pending motion to compel, which had stymied discovery. The district court granted the motion to continue, and entered a new scheduling order with December 9, 2024, as the deadline for both completion of discovery and filing of dispositive motions. The district court then granted in part and denied in part Molosso's motion to compel and ordered the production of specified comparator evidence. Following a motion to reconsider, on November 8, the district court granted the motion in part and ordered additional comparator evidence be produced. Given the expanded ruling, the parties once more filed a joint motion to continue deadlines. The district court granted the motion, ordered that production of the supplemental discovery be completed by December 27, 2024, and then entered what would be the final scheduling order setting the discovery and dispositive motions deadline for March 24, 2025. The defendants provided the supplemental documents on December 23, 2024.

No. 25-30362

The defendants filed their motion for summary judgment on February 20, 2025. The district court ordered that any opposition brief must be filed within 21 calendar days—no later than March 13, 2025. On March 11, Molosso's counsel filed an opposed motion for extension of time by one month to complete discovery, explaining that the defendants produced approximately 5,000 pages of documents in response to the motion to compel, and due to counsel's other obligations, she had been unable to complete review of this voluminous production. Molosso's counsel cited "the filing of an opposition to a writ application to the United States Supreme Court, extensive briefing of three partial motions for summary judgment and two Daubert motions in December and January, followed by a trial preparation and a week-long federal jury trial that concluded on February 21, 2025, and a complicated mediation." Molosso then filed a separate Rule 56(d) motion, requesting the district court defer consideration of the pending motion for summary judgment while she completed the necessary discovery, including depositions, and extend her response deadline for the summary judgment motion.

The district court ruled on both motions in the same order. It extended the opposition brief deadline to April 4, 2025, and stated it would not consider the pending summary judgment motion until briefing was complete. It denied the Rule 56(d) motion in all other respects and denied the motion to extend the discovery deadline. The district court explained that Molosso had not diligently pursued discovery: she had received multiple discovery extensions; prioritized other cases over this one; and waited until "the eve of her responsive deadline to file [her] request."

On April 4, 2025, Molosso filed her response to the summary judgment motion. She explained that she had been limited to addressing only the failure-to-accommodate claim because discovery had been prematurely

cut off, leaving her unable to properly defend against the motion for summary judgment on her race discrimination and equal protection claims.

The district court considered Molosso's response brief to contain a renewed Rule 56(d) motion and denied it. The district court then granted summary judgment on all claims to the defendants. Molosso timely appeals.

## II.

A grant of summary judgment is reviewed *de novo*, "applying the same standard as the district court and viewing the evidence in the light most favorable to the non-moving party." *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 895 (5th Cir. 2013) (per curiam). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Although on summary judgment the record is reviewed *de novo*, this court . . . will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992).

"We review a district court's denial of a Rule 56(d) motion for abuse of discretion." *Biles*, 714 F.3d at 894. "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 311 (5th Cir. 2024) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008)).

## III.

There are two issues before us. First, whether the district court erred in granting summary judgment on the failure-to-accommodate claim. Second, whether the district court abused its discretion when it denied Molosso's Rule 56(d) motion. We address each in turn.

## A.

Molosso contends that "the only [summary judgment] issue on appeal is whether a genuine dispute of material fact exists as to the University's knowledge of [her] limitations"—focused on element two of a failure-to-accommodate claim under the Rehabilitation Act.

"To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) *the disability and its consequential limitations were known by the covered entity;* and (3) the entity failed to make reasonable accommodations." *Smith v. Harris Cnty.*, 956 F.3d 311, 317 (5th Cir. 2020) (emphasis added) (quoting *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015)). To show the second element, "a plaintiff must show that the entity knew of the disability and its consequential limitations, either because the plaintiff requested an accommodation or because the nature of the limitation was open and obvious." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020) (citing *Windham v. Harris Cnty.*, 875 F.3d 229, 236–37 (5th Cir. 2017)).

Molosso makes arguments as to both the open and obvious exception and to her request for an accommodation.

### 1.

Molosso argues that her disability and resulting limitations were open and obvious because she disclosed her ADHD and testing difficulties to

Professor Young on a daily basis and Professor Young observed her freeze during a timed exam.

A plaintiff may show the second element by showing that "the disability, resulting limitation, and necessary reasonable accommodation were open, obvious, and apparent to the entity's relevant agents." *Windham*, 875 F.3d at 237 (citation modified). Importantly, to prevail, the plaintiff "must adduce evidence that all three were or should have been obvious." *Id.* at 238. The open-and-obvious exception is a narrow one. *Id.* at 239. "When a disability is mental, rather than physical, the disability, resulting limitations, and necessary reasonable accommodations often are not 'open, obvious, and apparent.'" *J.W. v. Paley*, 81 F.4th 440, 450 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 2658 (2024).

To start, disclosing a disability does not show that the disability was open, obvious, and apparent. Being wheelchair bound, for example, would meet the exception because the disability, limitations, and need for accommodation are all open and obvious. *See Windham*, 875 F.3d at 238. But if an entity can only know of a disability by the plaintiff's notification, then it will not generally be open and obvious. So to the extent that Molosso's disclosure apprised ULM of her disability, it fails to show that her disability, consequential limitation, and need for accommodation were open and obvious. To hold otherwise would be to vitiate the distinction between disabilities that are obvious (or should have been obvious) and those that are known only via disclosure.

And even if disclosure could be considered under the open and obvious exception, here, Molosso's disclosure of ADHD does not also demonstrate that a limitation resulting from her ADHD and need for accommodation was open and obvious. *See J.W.*, 81 F.4th at 450 ("Knowledge of a disability is different from knowledge of the resulting

limitation and certainly is different from knowledge of the necessary accommodation."). Molosso claims she "disclosed her ADHD and testing struggles to [] Young almost daily during her final semester in the program."[2] But academic struggles can occur for any number of reasons not stemming from a disability, and the Americans with Disabilities Act (ADA) does not require "clairvoyance" that an individual with a disability suffers from a limitation. *See id.*; *see also Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 164 (5th Cir. 1996). "In fact, better public policy dictates the opposite presumption[.]" *Taylor*, 93 F.3d at 164. To the extent disclosure could be considered under the open and obvious exception, Molosso has nonetheless not shown us how her disclosure of her ADHD made her resultant limitations and need for accommodation open and obvious.

For similar reasons, we also find that Molosso's "freezing" during an exam does not demonstrate that her disability, resulting limitations, and need for accommodation were open and obvious. A student may freeze on an exam because she is unprepared or did not sleep well the night before, not because of her disability. Such circumstances do not demonstrate an open and obvious need for an accommodation. "As we explained in *Taylor,* '[w]hen dealing in the amorphous world of mental disability,' it will often be impossible . . . to identify . . . specific disabilities, limitations, and possible accommodations." *Jin Choi v. Univ. of Tex. Health Sci. Ctr. at S. A.*, 633 F. App'x 214, 216 (5th Cir. 2015) (unpublished) (quoting *Taylor*, 93 F.3d at 165).

--------

[2] We note that the cited evidence does not align with Molosso's claims in her brief. Molosso cited to a portion of Professor Young's deposition as support, but in that portion, Young testified that Molosso came to her office "quite a bit," and that on one particular visit, Molosso explained that she struggled with a recurring assignment. Young then discussed strategies with Molosso for time management. Such statements do not clearly align with Molosso's characterization of the conversation as one about her "ADHD and testing struggles."

No. 25-30362

On this record, the limitations resulting from Molosso's disability were not open and obvious, and the exception does not apply.[3]

**2.**

Molosso argues that, even if her disability was not open and obvious, Appellees knew of her disability and the consequential limitations because she disclosed it.

Where the disability, resulting limitations, and necessary reasonable accommodations are not open, obvious, and apparent, the initial burden rests primarily upon the plaintiff to specifically identify the disability and resulting limitations, and to request a reasonable accommodation in direct and specific terms. *Taylor*, 93 F.3d at 165; *Smith*, 956 F.3d at 317–18. We reiterate that "[m]ere knowledge of the disability is not enough; the service provider must also have understood 'the limitations [the plaintiff] experienced . . . *as a result* of that disability.'" *Windham*, 875 F.3d at 236 (emphasis added) (quoting *Taylor*, 93 F.3d at 164). Additionally, we have explained that a student must bring her request for accommodations to the proper office "rather than making it verbally to [an] advisor." *Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1032 (5th Cir. 2022).

Molosso argues the school knew of her disability and its resulting limitations because she told Professor Young daily of her ADHD difficulties, and she asked Professor Young about testing accommodations shortly before her final exam. Appellees counter that they had no knowledge because Molosso did not make a request for accommodation to the appropriate entity—the Counseling Center. We agree with Appellees.

---

[3] Because the evidence does not show that the disability and resulting limitations were open and obvious, we do not address whether Young was a relevant agent of the entity.

No. 25-30362

As we explained in *Pickett*, a student must bring a request for accommodation to the proper office, "rather than making it verbally to [an] advisor." 37 F.4th at 1032–33. Here, like in *Pickett*, the Nursing School has a centralized office that processes requests for academic accommodations—the Counseling Center. This was the appropriate place for Molosso to request an accommodation; "putting that burden [of handling accommodation requests] on individual professors would create an alternative, undocumented process, introducing disarray. Such a rule would undermine schools' ability to preserve interactivity in their handling of ADA requests." *Id.* at 1033 (citation modified).

Molosso argues that her situation is distinguishable from *Pickett* because, unlike the *Pickett* plaintiff, she was uninformed and unaware of the centralized process for requesting an accommodation, and no one directed her there to receive an accommodation. But the record shows otherwise. The NURS 4066 syllabus provides contact information and the location of the Counseling Center for students who "need accommodation because of a known or suspected disability." It also describes example accommodations and directs students to an online website where they can obtain more information. The record thus shows that information about the Counseling Center and acquiring accommodation was readily available to Molosso through her class syllabus. Molosso does not dispute that she received the syllabus, which also includes crucial information regarding the grading policy, attendance policy, and assignments for any given class day. In light of this undisputed written notice, Molosso fails to raise issues of material fact that she was uninformed or unaware.[4]

_____

[4] Molosso also argues that the Nursing School had a "duty to engage in the interactive process" after "Young observed [her] testing struggles, spoke with [her] about her ADHD almost daily, and heard her requests for help and an accommodation." The

11

In sum, Molosso did not properly apprise Appellees of her need for accommodation, either through a specific and direct request or the open and obvious exception. Accordingly, the district court correctly determined that summary judgment was appropriate because there was no genuine dispute of material fact as to the Nursing School's knowledge of Molosso's need for an accommodation.

## B.

Molosso argues that the district court abused its discretion when it refused to defer ruling on the summary judgment motion until her counsel had completed discovery. Molosso claims that Appellees' "obstruction and belated voluminous December production created the very time crunch at issue," and that "[b]y foreclosing comparator discovery, the [d]istrict [c]ourt denied Plaintiff Molosso the opportunity to oppose summary judgment with evidence critical under controlling precedent."

Rule 56(d) motions are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Biles*, 714 F.3d at 894 (quoting *Roby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). However, a Rule 56(d) movant must still make two showings to win relief: (1) that additional discovery will create a genuine issue of material fact; and (2)

---

interactive process is "a meaningful dialogue with the employee to find the best means of accommodating that disability." *E.E.O.C. v. Chevron Phillips Chem. Co., LLP*, 570 F.3d 606, 621 (5th Cir. 2009) (quoting *Tobin v. Liberty Mutual Ins. Co.*, 433 F.3d 100, 108 (1st Cir. 2005)). However, this duty to engage triggers *after* the individual has requested an accommodation. *Id.* And because Molosso failed to request an accommodation from the proper office, her claim that the Nursing School failed to engage in the interactive process when Young allegedly told her it was too late in the semester to receive an accommodation "is dead on arrival: Without a request, [the Nursing School] could not possibly fail to engage in an interactive process." *See Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 588 (5th Cir. 2020).

that she diligently pursued discovery. *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022). "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).

Here, Molosso has not shown that she diligently pursued discovery. It appears that her counsel did not avail herself of the additional time granted to her to review the supplemental documents, and, as the district court stated, prioritized other cases over this one. Molosso's situation is similar to that of the plaintiff-appellant in *Dominick v. Mayorkas*, 52 F.4th 992 (5th Cir. 2022). There, the district court granted the plaintiff-appellant's request for a discovery continuance to properly oppose the summary judgment motion, and set a deadline of July 6, 2021, for the opposition brief. *Dominick*, 52 F.4th at 994. The plaintiff-appellant and her counsel "took no further action until July 2, when her counsel emailed [the defendant-appellee's] counsel seeking to organize discovery[.]" *Id.* We held that "the district court did not abuse its discretion in finding that [the plaintiff-appellant] failed to diligently pursue further discovery during the two-month continuance the district court provided." *Id.* at 995.

Similarly, here, it appears that Molosso took no action to engage in discovery between December 23, 2024 (the date the court-ordered supplemental discovery was produced) and February 2025 (when one of her trials ended), and did not ask for an extension until March 11, just days before her opposition to the motion for summary judgment was due.[5] *See id.* "[A]

_____

[5] We note that the motions for an extension were filed about two weeks before the close of discovery. Nonetheless, it does not appear that Molosso's counsel timely pursued discovery in this case after obtaining the supplemental document production.

No. 25-30362

party suspends discovery at [her] own risk." *Beattie v. Madison Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Although Molosso's counsel cites many professional obligations overlapping in a short period of time, we note that she had notice of the deadlines in this case and could have made plans to account for her busy schedule and the voluminous supplemental document production rather than waiting over two months to ask for an extension. Such actions do not demonstrate diligence.[6]

Accordingly, the district court did not abuse its discretion in denying Molosso's Rule 56(d) motion because Molosso failed to diligently pursue discovery during her three-month continuance.

## IV.

It is unfortunate that Molosso did not receive the testing accommodations she needed to succeed in the Nursing School, but on the record before us, we cannot say it was the fault of the Appellees. Molosso's need for an accommodation was not open and obvious, nor did she request an accommodation from the appropriate place—despite her course syllabus informing her of the Counseling Center and its purpose. Thus, there is no genuine dispute of material fact as to whether the Nursing School knew of Molosso's need for an accommodation.

Additionally, Molosso's counsel did not diligently pursue discovery, placing the district court's denial of her Rule 56(d) motion squarely in its discretion.

---

[6] We also note that, contrary to Molosso's arguments, the district court did defer ruling on the summary judgment motion until the close of discovery; it just did not extend the discovery deadline per Molosso's request. And the document production was not belated—it occurred four days prior to the court-imposed deadline.

No. 25-30362

Accordingly, for the foregoing reasons, we AFFIRM the district court's judgment.