# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2022

Lyle W. Cayce
Clerk

No. 21-20335

Dana Bailey,

*Plaintiff—Appellant*,

*versus*

KS Management Services, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-59

Before Jones, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:

This is the third time we have been asked to consider whether a particular district court can deny discovery rights protected by the Federal Rules of Civil Procedure because, in the district court's view, that discovery is unnecessary. We have twice held no. *Miller v. Sam Houston State Univ.*, 986 F.3d 880 (5th Cir. 2021); *McCoy v. Energy XXI GOM, LLC*, 695 F. App'x 750 (5th Cir. 2017) (per curiam). Today we so hold a third time.

No. 21-20335

I.

Plaintiff-Appellant Dana Bailey worked for KS Management Services, LLC ("KSM") from March 24, 2014 until March 8, 2019. She was hired as a nurse and promoted to nurse coordinator in September 2016. She resigned from the nurse coordinator position and returned to her role as a nurse in March 2018. She was terminated from that role one year later.

On January 7, 2020, Bailey sued KSM under the Age Discrimination in Employment Act ("ADEA"), claiming that KSM engaged in unlawful age discrimination and retaliation. The next day, January 8, the district court entered an order setting the date for an initial pretrial conference. That order instructed the parties to exchange initial disclosures but ordered that "[n]o interrogatories, requests for admission, or depositions . . . be done without court approval."

On January 9, 2020, the district court entered an "Order for Disclosure." The order requires the company to furnish certain information (*e.g.*, the worker's emails), and it requires the worker to furnish certain other information (*e.g.*, a list of others who can corroborate the worker's allegations of mistreatment). The order concludes:

3. The company and worker will file a *joint* chronology from the time the worker applied to work until he left or sued. This will include only significant events given in an objective, factual form; legal posturing, abstractions, and quibbling will be crushed.

4. The parties may not delay exchanging this information, even by agreement. If a particular in this order does not fit your case, make similar disclosures that reasonably fit your issues.

The order thus purports to create a one-size-fits-all system of rough justice; it both recognizes that particular requirements might be inapplicable and

2

threatens to "crush[]" discovery efforts that run afoul of the district court's expectations. Both parties (understandably) attempted to comply with it.

The district court held its initial pretrial conference on September 10, 2020. It then entered an order permitting KSM to move for summary judgment by September 16 and Bailey to respond by October 2. But it declined to authorize any discovery other than the initial disclosures compelled by the "Order on Disclosure." KSM moved for summary judgment on September 15.

The next day, Bailey filed an unopposed motion to extend time to respond to KSM's motion for summary judgment, noting she "need[ed] to do discovery (requests for production, depositions, etc.)," but had so far been barred by the court's January 8 order, which prohibited such discovery. She requested additional time so that KSM could respond to her requests for production, and then so she could "take depositions" and "have . . . adequate time to review said production and respond." The court denied the motion.

Bailey next filed an unopposed Rule 56(d) motion to defer consideration of KSM's summary-judgment motion and allow time for Bailey to take discovery, or in the alternative to deny KSM's motion. *See* FED. R. CIV. P. 56(d). She argued she was unable to "present facts (through supporting documents not accessible to her) essential to justify her opposition to certain allegations made by KSM" in its motion.

The court declined to rule on the 56(d) motion and instead entered a discovery order with three instructions. First, the court ordered there would be "no further discovery until Dana Bailey is deposed by October 15, 2020." Second, the court said it would consider other discovery requests—but only *after* Bailey's deposition. Third, the court suspended the deadline for Bailey to respond to KSM's summary-judgment motion.

October 15 came and went, and KSM elected not to depose Bailey. After the October 15 deadline passed, Bailey filed a motion asking permission to depose three witnesses to gather evidence needed to respond to KSM's summary-judgment motion. The court denied the motion without explanation and ordered Bailey to respond to the summary-judgment motion by October 30.

On October 27, Bailey filed a supplement to her Rule 56(d) motion, again asking the court to defer consideration of KSM's summary-judgment motion and allow Bailey to conduct discovery, or alternatively, deny KSM's motion. Again, Bailey explained that she was unable to "properly and fully respond to the claims and allegations made in KSM's MSJ" without conducting discovery. The court denied the Rule 56(d) motion and supplement—again without explanation—and maintained its deadline for Bailey to respond to the pending summary-judgment motion.

Bailey filed her response to KSM's motion for summary judgment. The district court granted KSM's motion and entered final judgment for KSM. Bailey timely appealed.

## II.

We review a district court's denial of a Rule 56(d) motion for abuse of discretion. *See Prospect Cap. Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). Summary judgment is appropriate only where "the plaintiff has had a full opportunity to conduct discovery." *McCoy v. Energy*

*XXI GOM, L.L.C.*, 695 F. App'x 750, 758–59 (5th Cir. 2017) (per curiam) (emphasis omitted) (quoting *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002)). And Rule 56(d) permits "further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quotation omitted).

To win relief, the Rule 56(d) movant must make two showings. She first must show (A) that "additional discovery will create a genuine issue of material fact." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (quotation omitted). Then she must show (B) that she "diligently pursued discovery." *Id.* (quotation omitted). Bailey made both showings, and the district court abused its discretion in holding otherwise.

## A.

A Rule 56(d) movant first must demonstrate that additional discovery will create a genuine issue of material fact. *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016). "More specifically, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* at 423 (quoting *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)). "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Id.* (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). Our court "generally assesses whether the evidence requested would affect the outcome of a summary judgment motion" and has found an abuse of discretion "where it can identify a specific piece of evidence that would likely create a material fact issue." *Id.* Bailey has

identified such evidence for (1) her age-discrimination claim, and (2) her retaliation claim.

1.

To establish a prima facie case of age discrimination, Bailey must show that she was fired, was qualified for the position, was within the protected class at the time she was fired, and was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of her age. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). Bailey argues she suffered discrimination in two instances: First, she argues age discrimination caused her constructive discharge from the nurse coordinator position. Second, she argues age discrimination caused her eventual termination from her position as a nurse.

a.

We start with Bailey's constructive discharge from the nurse coordinator role. As part of her prima facie case, Bailey must establish she was replaced in that position by someone outside her protected class. The district court concluded she was not. But the parties disagreed on this point. Bailey says "she was replaced by Tamara Ballew and then Paul Chavez, both of whom are younger than Bailey and outside of her protected class[.]" KSM said, and the district court agreed, that those two individuals "only assisted with answering the telephones," and the "nurse coordinator position remained unfilled until Oluwatoyin Clay, 57, was promoted to it."

The district court rested its conclusion on KSM's summary-judgment motion and the Declaration of Denise Backus. Backus explained that the nurse coordinator position "was not filled after Bailey's resignation because the ASC patient census did not dictate a need for the position." Backus further explained that after Bailey resigned from the nurse coordinator position in March 2018, KSM didn't replace Bailey until January 2019 when

No. 21-20335

it "determined the RN Coordinator position was again needed because the ASC patient census had greatly increased." In other words, Ballew and Chavez didn't replace Backus—they just absorbed some of her duties until KSM decided a proper replacement was needed.

Bailey argued this assertion was "solely being supported by an unchallenged affidavit and absolutely no actual documentary evidence, even though specific documents, i.e. ASC patient censuses, are being referenced." She requested discovery of the ASC patient censuses and "other documents related to the alleged suspension and subsequent reinstatement of the Nurse Coordinator position," as well as an opportunity to depose Backus. If Bailey was in fact replaced in the nurse coordinator position by someone younger or outside her protected class, that would alter the district court's conclusion that she could not establish a prima facie case of age discrimination. This is the sort of specific evidence likely to create a material fact issue, *see Biles*, 714 F.3d at 894, and the district court abused its discretion by forbidding discovery on this point.

b.

Second, Bailey claims age discrimination was the reason she was fired from her position as a nurse. Although the parties again disputed whether Bailey was replaced by a younger nurse, the district court assumed Bailey had established a prima facie case and shifted the burden to KSM to supply a legitimate nondiscriminatory reason for the discharge. KSM said Bailey was fired because she was counseled for performance concerns and responsible for "two serious patient medication administration errors in 2018 and 2019."

Bailey sought comparator evidence to show KSM's given reason was pretextual. *See Rachid*, 376 F.3d at 312 (if defendant "articulate[s] a legitimate, non-discriminatory reason . . . plaintiff must then offer sufficient evidence" showing defendant's reason is "a pretext for discrimination");

*Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (plaintiff "may establish pretext" through "evidence of disparate treatment"). KSM admitted there were other employees who had made medication administration errors and been counseled. And Bailey sought documentation of those incidents to determine whether those "other employees are similarly situated to Bailey, if they are not in Bailey's protected class, or if they were treated more favorably than Bailey." If that evidence were to suggest "a discriminatory motive more likely motivated" KSM's decision to fire Bailey, *Wallace*, 271 F.3d at 220 (quotation omitted), it would create a triable fact issue. But the district court did not address the possibility that Bailey might be able to use this comparator evidence to show disparate treatment. Its refusal to permit any discovery on this issue was likewise an abuse of discretion.

2.

To make a *prima facie* showing of retaliation under the ADEA, Bailey must show that she engaged in a protected activity, suffered an adverse employment action, and that a causal link connects them. *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 869 (5th Cir. 2016). Bailey claims that KSM engaged in unlawful retaliation after she reported age discrimination internally and filed a Charge of Discrimination with the EEOC and TWC. The district court found that Bailey could not establish a causal link: It concluded there was "no evidence of a causal connection" between Bailey's protected activities and her ultimate termination, and that the "sole 'evidence' that Bailey gives is a record of her complaints against Baron and a report of her fears of retaliation."

But Bailey pointed to the specific category of evidence she needed to establish the causal connection: She argued Baron fabricated allegations against her in retaliation for her complaints. And she argued those fabricated

allegations led to her eventual termination. She requested permission to depose Baron and sought discovery of correspondence discussing the (allegedly fabricated) incidents. Her goal was to "delve into the discrepancies created by Defendant's production that directly involve Ms. Baron and call into question Ms. Baron's motives." It was an abuse of discretion for the district court to deny Bailey the opportunity to conduct discovery on this issue, and then fault her for having "no evidence of a causal connection" between her protected activity and the adverse employment actions.

## B.

Bailey must also demonstrate she has "diligently pursued discovery" to show her entitlement to relief under Rule 56(d). *Jacked Up*, 854 F.3d at 816 (quotation omitted). She has made that showing here.

From the start of this litigation, Bailey sought discovery as soon as the opportunity arose. Before the district court held its initial conference, two obstacles stood in Bailey's way: First was Rule 26, which prohibited her from seeking discovery until after the initial conference. *See* FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"); FED. R. CIV. P. 26(f) (providing instructions for initial conference). Second was the district court's January 8 order, which prohibited any "interrogatories, requests for admission, or depositions . . . without court approval."

The district court held its initial conference on September 10, 2020, removing the first obstacle. But the second obstacle remained: Bailey could not conduct further discovery without court approval. KSM moved for summary judgment on September 15. On September 16, Bailey moved to extend time to respond to the MSJ and requested the court's permission to conduct further discovery. The very next day, the court denied that motion without explanation.

On September 23, Bailey tried again: She filed her Rule 56(d) motion to defer consideration of the MSJ and allow her time to take discovery. She explained the discovery she sought and why she sought it. Again the court denied the request quickly and without explanation, ordering that there would be "no further discovery until Dana Bailey is deposed by October 15, 2020," and that it might "consider other discovery requests after Bailey has told her side under oath."

After the October 15 deadline passed and KSM declined to depose her, Bailey again moved to take depositions. That motion, too, was denied quickly and without explanation. Bailey then filed the supplement to her Rule 56(d) motion, again asking the court to allow her to conduct further discovery. The court denied the Rule 56(d) motion and supplement the next day—again without explanation.

Bailey's repeated requests for court permission to conduct discovery show anything but a lack of diligence. KSM's only response is that the district court "may have reasonably concluded Bailey did not diligently pursue discovery" because she never was deposed. But KSM does not point to any case where this court has held a movant lacked diligence solely because she was never deposed. In other cases where we've found a lack of diligence, it was because the movant failed to conduct discovery during a period in which it was permitted to do so. *See, e.g.*, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994) (movant "undertook no discovery . . . for more than one year"); *Jacked Up*, 854 F.3d at 816 (movant "did not move to compel production of these documents during the discovery period"); *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) ("Beattie became aware that she needed to depose school board members . . . [and had] sixteen days before the end of discovery to seek an extension. Instead, she waited until after defendants had filed their motion for summary judgment."). Here, by contrast, there was no discovery

period at all—Bailey had no opportunity to conduct discovery absent court approval. She promptly and repeatedly sought such approval. That her requests were repeatedly denied does not reveal a lack of diligence on her part.

## III.

Bailey also asks us to reassign her case to a different judge upon remand. Our court's power to reassign cases on remand "is an extraordinary one" and "is rarely invoked." *Miller*, 986 F.3d at 892 (quotation omitted). To determine whether reassignment is warranted, this court has applied two tests. The first, more stringent test considers:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his mind or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*In re DaimlerChrysler Corp.*, 294 F.3d 697, 700–01 (5th Cir. 2002) (quotation omitted). The second, more lenient test looks at whether the judge's role "might reasonably cause an objective observer to question the judge's impartiality." *Id.* at 701 (quotation omitted).

We are not persuaded that reassignment is necessary under either test. That said, we have now entertained a series of appeals from this same district court involving similar discovery orders. And this is the third time we have reversed. In *McCoy*, the district court denied almost all discovery requests and "permitted only the deposition of [the plaintiff]" and disclosure of a limited number of documents. *McCoy*, 695 F. App'x at 753. We reversed,

noting the court below had abused its discretion by "refusing to allow [the plaintiff] to conduct sufficient discovery." *Id.* at 759.

In *Miller*, we reviewed a "strikingly similar" discovery plan and expressed a "sense of déjà vu." *Miller*, 986 F.3d at 891. There too, the same district judge permitted only the plaintiff to be deposed and denied the plaintiff the opportunity to depose any witnesses before summary-judgment briefing was complete. We again reversed, concluding the court below had abused its discretion and that its "discovery restrictions suffocated any chance for [the plaintiff] fairly to present her claims." *Id.* at 892.

Today, it is "déjà vu all over again." *United States v. Lee*, 966 F.3d 310, 323 (5th Cir. 2020) (quoting Yogi Berra). And we reverse. Again. But we trust that the district court will heed the Federal Rules and the mandates of our precedent.

*     *     *

We REVERSE the order denying plaintiff's Rule 56(d) motion and supplement, VACATE the order granting summary judgment to KSM, and REMAND for further proceedings consistent with this opinion.