# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2025

Lyle W. Cayce
Clerk

———————

No. 25-30199

———————

Reginald Winans,

*Plaintiff—Appellant*,

*versus*

Michael K. McKay,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CV-1726

———————————————————————

Before King, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff–Appellant Reginald Winans appeals the district court's denial of his Rule 56(d) motion and summary dismissal of his petitory real action against Defendant–Appellee Michael McKay. For the reasons that follow, we AFFIRM.

## I. Background

Winans brought a petitory real action against Michael McKay. He alleged that in 1914, the United States granted his ancestor, Monroe Phil, a

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30199

Land Patent that encompasses the land McKay currently occupies. Winans claimed that as Monroe Phil's heir, he possesses title to the land that is "good against the world," and "an unbroken chain of title exists directly from the Sovereign United States of America directly to [him]." After McKay answered,[1] the district court entered a scheduling order, setting a deadline of June 28, 2024, "to complete all appropriate discovery and file any motions to compel."

On July 25, 2024, the district court received an unopposed motion for extension of time to complete discovery from Winans. The motion requested an extension to October 25, 2025, to accommodate the parties' deposition schedule. The district court granted the motion and reset the discovery deadline to October 25. A few days before the close of discovery, Winans served Requests for Admission on McKay,[2] which McKay refused to answer because McKay considered the requests untimely.

McKay then filed a motion for summary judgment, arguing that Winans could not meet his burden to show ownership of the property. Winans responded by filing a Rule 56(d) motion in which he asserted that the answers to the unanswered discovery requests were "vital to showing that there are genuine issues of material facts in dispute." Without offering an explanation as to why, the district court denied Winans' Rule 56(d) motion.

---

[1] McKay also filed a counterclaim for erasure and cancellation of the "Louisiana Quit Claim Deed," a document filed by Winans in the Conveyance Records of Caddo Parish purporting to convey the property to himself. Winans filed a motion to dismiss the counterclaim, which the district court denied. The district court ultimately ordered the erasure and cancellation of the "Louisiana Quit Claim Deed" in its memorandum opinion and order on the motion for summary judgment. We do not address this counterclaim because Winans did not brief any arguments against the district court's order of erasure and cancellation. *See Andrade v. Chojnacki*, 338 F.3d 448, 457 (5th Cir. 2003) ("Issues not raised on appeal are waived.").

[2] Winans served the requests on October 22, 2024, but McKay contends that he did not receive them until October 24.

Winans subsequently filed a response brief to the summary judgment motion, and McKay filed a reply brief.

The district court granted the summary judgment motion, finding that "there are no genuine issues of material fact that Winans has no ownership interest in the Property."

## II. Standards of Review

"We review a district court's denial of a Rule 56(d) motion for abuse of discretion." *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 311 (5th Cir. 2024) (quoting *In re Volkswagon of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008)).

A grant of summary judgment is reviewed *de novo*, "applying the same standard as the district court and viewing the evidence in the light most favorable to the non-moving party." *Biles*, 714 F.3d at 895. Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Although on summary judgment the record is reviewed *de novo*, this court . . . will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992).

## III. Analysis

We begin with the denial of the Rule 56(d) motion, because only once the record is defined may we proceed with our *de novo* review of the order granting summary judgment. *See Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000).

No. 25-30199

## A. Rule 56(d) motion

Winans argues on appeal that his Rule 56(d) motion "identified specific areas where discovery was needed," such that the district court's denial of his motion constituted reversible error.

Rule 56(d) motions are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Biles*, 714 F.3d at 894 (quoting *Roby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). However, a Rule 56(d) movant must still make two showings to win relief: (1) that additional discovery will create a genuine issue of material fact; and (2) that he diligently pursued discovery. *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022).

As to the first prong, "non-moving parties . . . 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Biles*, 714 F.3d at 894 (quoting *Roby*, 600 F.3d at 561). "More specifically, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Bailey*, 35 F.4th at 401 (quoting *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016)).

Winans' Rule 56(d) motion requested the court defer consideration of the summary judgment motion pending McKay's responses to Winans' Requests for Admission, which Winans contended are "vital to showing that there are genuine issues of material facts in dispute." McKay argued that the discovery requests were untimely, and even if they had been timely, the requested admissions would have no bearing on the case.

The motion is replete with the refrain that Winans cannot provide evidence to negate the summary judgment motion without "conducting further discovery" and without responses to his Requests for Admission—

4

which he did not attach to his motion. He does not explain how this vague "further discovery," or answers to his discovery requests, would influence the outcome of the summary judgment motion. Accordingly, Winans did not meet his burden under the first prong of showing, with specificity, that additional discovery would create a genuine issue of material fact.

Winans also does not meet his burden under the second prong. Although he claims he diligently pursued discovery despite many "delays and non-responses from" McKay, the record evinces otherwise. To start, the district court entered its scheduling order on March 25, 2024, but it appears Winans waited until May 13, 2024, to begin communications with McKay about discovery. Winans wasted over a month of the discovery period before engaging with McKay and offers no explanation for the delay. Further, while Winans' motion asserts that McKay delayed in responding to emails, the motion's recitation of the email chain also shows that Winans focused on scheduling a deposition of McKay to the neglect of other forms of discovery. It was not until the eve of the (extended) discovery deadline that Winans sent his Requests for Admissions; discovery he claims is "vital." Such delay—both through waiting over a month to engage in discovery and waiting until days before the deadline to serve discovery—does not demonstrate diligence.

"A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). The district court did not clearly abuse its discretion here.

## B. Summary Judgment

Having properly defined the evidence in the summary judgment record, we now turn to our *de novo* review of the summary judgment motion. Winans argues on appeal that the district court (1) did not consider his timely submission of "material opposition evidence," specifically, his Statement of

No. 25-30199

Material Facts in Dispute (Statement), (2) improperly resolved genuine disputes of material fact, and (3) improperly accepted as valid a 1928 deed, Winans also argues that prescription does not apply to petitory actions based on fraudulent or void conveyances. We address each issue in turn.

First, not mentioning the Statement in the opinion does not, by itself, indicate that it was not considered. Without more, we cannot say that the district court did not consider the Statement.

Second, McKay's assertions were supported by extensive evidence demonstrating that the chain of title led from Monroe Phil to McKay, and the evidence provided no inferences in favor of Winans. Thus, McKay met his burden of showing that there was no genuine dispute of material fact. In response, Winans provided nothing more than conclusory statements, copies of discovery without analysis, and reiterations of the allegations in his complaint, none of which are sufficient to defeat a motion for summary judgment. *See Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–24 (1986)). Winans did not point to any evidence in the record showing that McKay had failed to sustain his summary judgment burden. *See Isquith ex rel. Isquith v. Middle S. Util., Inc.*, 847 F.2d 186, 199 (5th Cir. 1988). Although Winans claims on appeal that the district court ignored forged signatures, canceled debts, and his documentation of continued possession, he does not show us that this evidence was before the district court. We can neither consider evidence that was not before the district court, *see Skotak*, 953 F.2d at 915, nor are we obligated to go digging through the record on his behalf, *see Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024) ("As the Seventh Circuit has memorably put it, '[j]udges are not like pigs, hunting for truffles buried [in the record].'" (quoting *Gross v. Cicero*, 619 F.3d 697, 702 (7th Cir. 2010))).

Similarly, we cannot consider Winans' third argument—that the 1928 deed is void—or his fourth argument—that acquisitive prescription does not apply to petitory actions—because these arguments were also first raised on appeal and therefore are not properly before this court. *See, e.g., Rollins v.*

6

*Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal.").

Alternatively, even if we were to ignore the issues Winans raised and instead conduct our own *de novo* review of the motion for summary judgment, we would still affirm the district court's judgment.

McKay argued before the district court that summary judgment was appropriate because Winans cannot carry his burden to obtain a judgment recognizing his ownership of the property.[3]

The Louisiana Code of Civil Procedure provides that to obtain a judgment recognizing ownership of property, a plaintiff must:

> (1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant has been in possession for one year after having commenced possession in good faith and with just title or that the defendant has been in possession for ten years.
>
> (2) Prove a better title thereto than the defendant in all other cases.

La. Code Civ. Proc. Ann. art. 3653(A) (2023). The district court properly determined that Winans could not succeed under paragraph one because he had not put forth sufficient evidence showing that he acquired ownership of the land either from a previous owner or through acquisitive prescription. McKay has been in possession of the property since 2006— over ten years—therefore, Winans would have the burden at trial of "[p]rov[ing] that he has acquired ownership from a previous owner or by acquisitive prescription." La. Code Civ. Proc. Ann. art. 3653(A)(1).

---

[3] On appeal, McKay dedicated pages of his brief to arguing that he is the proper owner of the land through acquisitive prescription. However, because this argument was not raised to the district court, we cannot consider it in our review. *See Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992).

No. 25-30199

When the nonmovant has the burden of proof at trial, "the moving party may satisfy its initial burden by 'showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Vanzzini v. Action Meat Distributors, Inc.*, 995 F. Supp. 2d 703, 711 (S.D. Tex. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "Once the moving party has met its burden, the nonmoving party must come forward with specific evidence in order to raise a genuine issue of material fact." *Id.* The nonmoving party may not rely on "some metaphysical doubt as to the material facts, [on] conclusory allegations, [on] unsubstantiated assertions, or [on] only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

First, Winans acknowledged that he is neither currently in possession, nor has he ever been in physical possession of the property; therefore, he cannot have acquired the property through acquisitive prescription. Second, Winans did not come forward with any specific evidence to rebut McKay's evidence tracking the sale of the land away from his ancestors, and he acknowledged in his response brief that a Land Patent may be conveyed away by the grantee or by the heirs.

Thus, the district court correctly found that Winans failed under paragraph one of article 3653(A), and for that reason, we affirm the district court.

After finding that Winans failed under article 3653(A)(1), the district court then proceeded to analyze whether he could succeed under article 3653(A)(2). Such analysis imported prior cases interpreting the Louisiana statute into the amended statute's revised burden of proof. [4]

---

[4] The 2023 revision to article 3653 was for the purpose of "chang[ing] substantially the burden of proof in a petitory action when the defendant has the right to possess." LA. CODE CIV. PROC. ANN. art. 3653 (2023), Official Revisions Comments 2023 (a). Prior to the revision, the standard, as explained in *Pure Oil Co. v. Skinner*, 294 So. 2d 797 (La.

No. 25-30199

When a court is presented with a petitory action, it is at a fork in the road: It may analyze the claim under paragraph one or paragraph two of subsection A of the statute—not both—and the choice depends on the defendant's possession of the land. As explained by the Official Revisions Comments, when the defendant's possession does not meet either of the circumstances in paragraph one, *then* "the plaintiff's burden in the petitory action is merely to prove a better title than that of the defendant." LA. CODE CIV. PROC. ANN. art. 3653 (2023), Official Revisions Comments 2023 (b); *see also id.* art. 3653(A)(2). Because the two paragraphs are two separate roads, the district court must decide which one to pursue based on the defendant's possession of the property. *See Hope Holdings, Inc. v. Mod. Am. Recycling Servs., Inc.*, 385 So. 3d 337, 343 (La. Ct. App. 1st Cir. 2024) ("It is undisputed that [the defendant] was in possession . . . prior to trial. Therefore, [plaintiff] was required to prove it acquired ownership from a previous owner or by acquisitive prescription.").

Here, the district court analyzed the second paragraph of article 3653(A) even though it found McKay had been in possession of the property for more than ten years. Therefore, while we affirm the district court's judgment, we note that part of the reasoning analyzing whether Winans'

---

1974), required that a plaintiff in a petitory action prove "good title against the world." The revision addressed the concern of the dissent in *Pure Oil* regarding the inequity of allowing a usurper who was in possession for a lesser amount of time to prevail against a party who might have been in possession for years, but whose title suffered minor defects. LA. CODE CIV. PROC. ANN. art. 3653 (2023), Official Revisions Comments 2023 (a). Although the revision did not change the prior distinction in article 3653 between a defendant in possession and a defendant not in possession of the immovable property, it did remove the "or" between paragraphs one and two. Currently article 3653 requires the plaintiff to carry the burden of paragraph 3653(A)(1), and if he does not, then "in all other cases" the plaintiff must prove "better title than the defendant." Accordingly, it was unnecessary for the district court to analyze Winans' claim under article 3653(A)(2).

No. 25-30199

"petitory action can succeed under paragraph two" was not required under article 3653, as amended.

## IV. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.