# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2025

Lyle W. Cayce
Clerk

————————

No. 25-20019

————————

Amanda Rose Moreno,

*Plaintiff—Appellant*,

*versus*

Microsoft Corporation,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-4451

————————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Appellant Moreno challenges the district court's summary judgment in favor of her former employer Microsoft. We find no reversible error and no abuse of discretion by the district court, we Affirm.

Moreno worked for Microsoft for six months in 2022 before being terminated, allegedly for poor performance. She filed suit in November 2023

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

against the company alleging violations of Title VII, ADA, the Sarbanes Oxley anti-retaliation provision, and the Texas Labor Code.

The court entered a scheduling order in April 2024 requiring discovery to be completed by September 30, 2024. Moreno filed her first discovery requests on September 18, despite that the court's order expressly stated that "[w]ritten discovery requests are not timely if they are filed so close to this deadline" that the defendant could not respond within the cutoff date.

During the summer, Moreno had tried to secure an order compelling Microsoft to mediate, and seeking a stay of discovery pending mediation, but the court denied the motion. In mid-August, she moved to extend the court's scheduling order, and Microsoft filed a "non-opposition," while noting the pendency of its motion to dismiss. The court did not rule on this motion to extend. On October 30, Microsoft filed its summary judgment motion, rife with evidence indicating Moreno's unsatisfactory performance and difficulties adjusting to the culture of her workplace. Moreno filed an opposition without any affidavits or evidence, and she requested time to complete discovery.

The district court granted judgment on the merits in an opinion that thoroughly discussed the record and applicable law. The court additionally treated Moreno's (procedurally insufficient) request for further discovery as a Rule 56(d) motion and denied that. Moreno has appealed.

No. 25-20019

Moreno's points in her opening brief focus solely on her inability to obtain discovery from Microsoft, and the district court's supposed errors in not assisting her pro se efforts to that effect. This court has carefully reviewed the record and concludes that the court did not abuse its discretion in any pretrial management decisions concerning the scheduling order, whether to set a scheduling conference, and whether to extend discovery deadlines. These decisions are all within the court's discretion, which we may overturn only for abuses. *See, e.g., United States v. Hughey*, 147 F.3d 423, 431 (5th Cir. 1998). Moreno could have pursued discovery from Microsoft anytime after the April scheduling order was entered. The court was not required to shepherd her attempts at discovery by calling a conference or providing her extra help. (And her briefing shows considerable acumen, for a lay person, about legal procedure.) Instead of seeking discovery, Moreno's pleadings during the summer dwelt on her attempts to compel mediation with an unwilling Microsoft. During that time, the requests to stay discovery were contingent on that motion.

Moreno neither actually sought discovery nor even moved unequivocally to extend until mid-August. That Microsoft indicated "non-opposition" does not mean the district court abused its discretion. The court simply did not rule on the motion. Even if that failure was neglectful, it did not stop the court's scheduling timeclock, and Moreno had to abide by the discovery deadline. She did not.

When Microsoft filed its summary judgment motion on October 30, Moreno offered no evidence, not even her own sworn affidavit, in rebuttal.

3

No. 25-20019

In addition to unsupported statements about the merits, she complained about the lack of discovery. The district court elected--in her favor--to treat her insufficient pleading as if it had been filed under Rule 56(d). Ordinarily, a Rule 56(d) request for further discovery must be accompanied by an affidavit, which Moreno failed to provide. Further, the movant must show "that additional discovery will create a genuine issue of material fact," and "that she diligently pursued discovery." *Bailey v. KS Management Serv's. LLC*, 35 F.4th 397, 401 (5th Cir. 2022) (citation omitted). As the district court noted, Moreno was unable to state what would be ascertained by further discovery. Further, the district court correctly observed Moreno's lack of previous diligence in discovery. The court's determination not to permit discovery followed the law and was not an abuse of discretion.

Microsoft asserts correctly that Moreno waived any challenge to the merits of the district court's summary judgment by not arguing it in her opening brief. *Williams v. City of Cleveland, Miss.*, 736 F.3d 684, 686 (5th Cir. 2013) (per curiam). In any event, the district court's analysis of the evidence before it demonstrates that summary judgment was correctly granted.

Affirmed.